IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COOK PRODUCTIONS, LLC, | ) | CIVIL NO. 16-00637 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY SZERLIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>ORDER ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO PARTIALLY GRANT PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT STANLEY SZERLIP (ECF No.
54) and DENYING PLAINTIFF'S WRITTEN OBJECTION (ECF No. 55)</u>

Plaintiff Cook Productions, LLC, owns the copyright to the film "Mr. Church." Plaintiff filed suit seeking injunctive relief, statutory damages, and reasonable attorney's fees for violation of their copyright.

Plaintiff alleges that Defendant Stanley Szerlip violated Plaintiff's copyright in "Mr. Church" by downloading and distributing the work via the BitTorrent protocol.

Defendant has not answered the summons or otherwise made an appearance in this matter. Plaintiff filed a Motion for Default Judgment Against Defendant Stanley Szerlip. (ECF No. 48).

On August 25, 2017, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO PARTIALLY GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST STANLEY SZERLIP. (ECF No. 54). On September 1, 2017, Plaintiff filed PLAINTIFF'S WRITTEN OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S

MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STANLEY SZERLIP. (ECF No. 55).

The Court **ADOPTS, AS MODIFIED**, the Magistrate Judge's February 26, 2015 Findings and Recommendation (ECF No. 54). Plaintiff's Written Objection (ECF No. 55) is **DENIED**.

## PROCEDURAL HISTORY

On December 2, 2016, Plaintiff filed a COMPLAINT against Does 1-8. (ECF No. 1).

On February 24, 2017, Plaintiff filed a Notice of Dismissal without Prejudice of DOE Defendant No.8. (ECF No. 16).

On March 17, 2017, Plaintiff filed a Notice of Dismissal without Prejudice of Doe 6 with Prejudice. (ECF No. 19).

On March 20, 2017, Plaintiff filed a Notice of Dismissal without Prejudice of Doe 5 with Prejudice. (ECF No. 20).

On March 24, 2017, Plaintiff filed a Notice of Dismissal of Doe 3 with Prejudice. (ECF No. 22).

On March 27, 2017, Plaintiff filed a Notice of Dismissal of Doe 2. (ECF No. 23).

On March 24, 2017, Plaintiff filed a AMENDED COMPLAINT against ERIK GRAY (previously identified as Doe Defendant 1), ROBERT LUJAN (previously identified as Doe Defendant 4), and STANLEY SZERLIP (previously identified as Doe Defendant 7). (ECF no. 24).

On June 6, 2017, Plaintiff filed a Notice of Dismissal of ERIK GRAY and ROBERT LUJAN. (ECF No. 47).

On June 8, 2017, Plaintiff filed a First Motion for Entry of Default Against Defendant Szerlip.  (ECF No. 48).

On August 25, 2017, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO PARTIALLY GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST STANLEY SZERLIP.  (ECF No. 54).

On September 1, 2017, Plaintiff filed PLAINTIFF'S WRITTEN OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STANLEY SZERLIP.  (ECF No. 55).

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim.  Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(B).  Any party may object to a magistrate judge's findings and recommendations, pursuant to United States District of Hawaii Local Rule 74.2.

If a party objects to the magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which objection is made.  United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed.R.Civ.P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

*De novo* review means the district court must consider the

3

matter anew, as if it had not been heard before and as if no decision previously had been rendered. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617–18 (9th Cir. 1989).

## ANALYSIS

**I. Plaintiff's Objection to the Magistrate Judge's Award of Statutory Damages**

Plaintiff objects to the $750 in statutory damages recommended by the Magistrate Judge, asking instead for statutory damages of $20,000 "or an appropriate amount greater than $750." (Objection at p. 3, ECF No. 55).

Under 17 U.S.C. § 504(c)(1), the court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for each infringed work.

Statutory damages up to $150,000 may be awarded. 17 U.S.C. § 504(c)(2) when the infringement is "willful." District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984).

Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." Los Angeles News Serv. v. Reuters

4

Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998) (quotation marks and citation omitted). Courts seek to determine "what is just in [a] particular case, considering the nature of the copyright [and] the circumstances of the infringement." Id. (quotation marks and citation omitted).

District courts within the Ninth Circuit have agreed that statutory damages in the amount of $750 are appropriate in similar BitTorrent movie download and sharing cases. See, e.g., Voltage Pictures, LLC v. Martinez, No. 3:15-CV-00002-AC, 2015 WL 4772856, at *4 (D. Or. Aug. 11, 2015) (awarding minimum statutory damages in a similar case); Elf-Man, LLC v. C.G. Chinque Albright, No. 13-CV-0115-TOR, 2014 WL 5543845, at *7 (E.D. Wash. Oct. 31, 2014) (same); Thompsons Film, LLC v. Athias, No. 13-CV-0126-TOR, 2014 WL 5543900, at *9 (E.D. Wash. Oct. 31, 2014) (same); Dallas Buyers Club, LLC v. Bui, No. C14-1926RAJ, 2016 WL 1242089, at *4 (W.D. Wash. Mar. 30, 2016) (same); Dallas Buyers Club, LLC v. Madsen, No. C14-1153RAJ, 2015 WL 6680260, at *5 (W.D. Wash. Nov. 2, 2015) (same); Dallas Buyers Club, LLC v. Nydam, No. C14-1684RAJ, 2016 WL 7719874, at *4 (W.D. Wash. Aug. 8, 2016) (same); Criminal Prods., Inc. v. Gunderman, No. C16-1177-RAJ, 2017 WL 3297518, at *4 (W.D. Wash. Aug. 1, 2017) (same).

In Qotd Film Investment Ltd. v. Starr, an analogous case involving the use of BitTorrent to download and share a movie in violation of the copyright holder's rights, the district court reasoned that actual economic damages were likely minimal. 2016

5

WL 5817027, at *2 (W.D. Wash. Oct. 5, 2016). The court characterized the defendant's copyright violation as a "relatively minor infraction causing relatively minor injury" and that the minimum statutory award was adequate to deter the defendant from future infringement. Id. at *3. The court reasoned that $750 was already a "steep penalty for having been too lazy to go to the local Redbox or too cheap to pay a few dollars for an authorized download." Id.

This Court agrees with the above district courts within the Ninth Circuit and finds that an award of the minimum statutory damages of $750 adequately compensates copyright holders for a defendant's improper downloading and sharing of a movie over BitTorrent.

In this case, a high definition digital copy of "Mr. Church" (the "Work") can currently be purchased for $12.99. See, e.g., https://www.amazon.com/dp/B01M1I9SHS/ref=cm_sw_r_cp_ep_dp_9Ro8zbZN838CK (last visited October 25, 2017). The award of $750 is over 50 times that cost. The minimum statutory amount of $750 represents an adequate compensatory award in this case considering the minimal cost of downloading "Mr. Church" legally, that only three copies of "Mr. Church" were distributed by Defendant via BitTorrent, and the lack of evidence that Defendant was the person who originally made the movie available for others to download.

An award of $750 sufficiently deters future downloading of movies in violation of copyright holders' rights. As the court

6

in Glacier Films (USA), Inc. v. Gallatin stated, "[w]ith knowledge that it will now cost $750 to [download] a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent [or buy] the same movie legally." 2016 WL 3148401 at *3 (D. Or. May 12, 2016), report and recommendation adopted, 2016 WL 3176583 (D. Or. June 2, 2016).

**II. Injunctive Relief**

The Court adopts the Magistrate Judge's Findings and Recommendation regarding injunctive relief. Defendant is enjoined from directly and contributorily infringing Plaintiff's copyrighted Work in the future. Defendant is also ordered to destroy all copies of the Work that he made or used in violation of Plaintiff's copyright.

**III. Attorney's Fees**

Plaintiff seeks $8,879.37 in attorney's fees and tax. (Plaintiff's Motion for Default Judgment, pp. 28-29, ECF No. 48-1). The Magistrate Judge determined that the appropriate award of attorney's fees and tax in this matter is $5,321,58.

**A. Fees Are Appropriate Under the Copyright Act**

The Copyright Act provides that a court may award costs and a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. This statute "confers broad discretion on district courts" but "in deciding whether to fee-shift, they must take into

account a range of considerations beyond the reasonableness of litigating positions." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1988 (2016). These non-exclusive considerations include "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001); see also Kirtsaeng, 136 S. Ct. at 1985. The Ninth Circuit Court of Appeals has held that "[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013).

First, awarding attorney's fees in this case is appropriate. Plaintiff's claims against Szerlip are not frivolous, and the factual and legal arguments asserted appear objectively reasonable. Second, Plaintiff has succeeded by obtaining default judgment against Szerlip. Plaintiff has succeeded in obtaining injunctive relief and statutory damages.

The Court finds that the amount of fees requested by Plaintiff is disproportionate to the degree of success. The statutory award is less than ten percent of the requested $8,879.37 in attorney's fees, the disparity suggests that the amount of fees sought deserves closer scrutiny.

In Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time:

Does 1-11, the magistrate judge declined to award attorney's fees in a similar case involving sharing of a movie via BitTorrent. 2016 WL 4238639, at *3 (D. Or. Aug. 10, 2016). The magistrate judge reasoned that, although BitTorrent copyright infringement cases are not frivolous, the degree of success in these cases is minimal and the fees spent to achieve the award were high in proportion to the $750 damage award. Id. The judge noted that the penalty of having to pay $750 in statutory damages (as well as costs) was already sufficient without an attorney's fee award to deter future violations of the plaintiff's copyright. Id. The judge also observed that in many BitTorrent cases fee shifting was utilized in an overagressive manner that was inconsistent with the goals of the Copyright Act. Id. at *4.

Plaintiff has sued 44 individuals in this District in five different actions for downloading and sharing the film "Mr. Church." To date, Plaintiff's attorney, Kerry S. Culpepper, has brought suit against 380 individuals in this district in 26 nearly identical actions for copyright infringement via BitTorrent since December 2, 2016. The docket sheets in the various cases indicate that some of the defendants have settled with Culpepper's clients on terms unknown to the Court. Imposing the large amount of attorney's fees requested by Plaintiff, or even the lower amount awarded by the magistrate judge, would not necessarily further the goals of the Copyright Act.

Awarding large fees would instead incentivize the use of copyright claims to force individuals like Szerlip to pay

9

thousands of dollars for having downloaded and shared a single movie via BitTorrent.

### B. Reasonableness of Fees

"When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The reasonableness of the requested fee is then determined with reference to the twelve Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). The District Court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. Ryan, 786 F.3d at 763.

#### 1. Market Hourly Rate

"The prevailing market rate in the community is indicative of a reasonable hourly rate." Jordan v. Multnomah Cty., 815 F.2d

1258, 1262-63 (9th Cir. 1987). The requesting party has the burden to produce evidence, in addition to affidavits of counsel, "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Id. at 1263.

Here, Plaintiff's counsel asserts his hourly rate of $350 is below the average hourly rate of $379 for solo practitioners with an IP technical specialization in the electrical field. (Declaration of Counsel at ¶ 6, ECF No. 48-2 (citing Ex. 8, Am. Intellectual Prop. Law Ass'n, Report of the Economic Survey (2015)). At the same time, Plaintiff appears to leave the fee rate determination to the Court, noting that "this Court is better aware of the prevailing rates in the community, having had the opportunity to review fee requests of many attorneys." (Plaintiff's Motion for Default Judgment, p. 27, ECF No. 48-1).

Plaintiff's counsel's support of the fee rate of $379 appears to be a nationwide rate and does not evidence what the rate in Hawaii would be for an attorney of comparable skill and reputation as Culpepper. An hourly rate at $250 (including taxes), is reasonable and closer to what has been awarded to attorneys practicing in Hawaii with similar experience and what Culpepper was recently awarded in a similar case. See ME2 Prods., Inc. v. Pumaras, No. CV 17-00078 SOM-RLP, 2017 WL 4707015, at *7 (D. Haw. Oct. 19, 2017)(capping Mr. Culpepper's hourly rate at $250 including taxes); Cook Productions, LLC v. Stewart, et al., No. CV 17-00034 ACK-RLP, 2017 WL 4797513, at *6 (D. Haw. Oct. 24,

11

2017)(same).

**2. Number of Hours**

Fee allocation decisions are afforded great deference by appellate courts because of the district courts' "superior understanding of the litigation," as well the need to avoid "appellate review of minutia" and avoid "a second major litigation" over attorney's fees. Spellan v. Bd. of Educ. for Dist. 111, 59 F.3d 642, 645 (7th Cir. 1995) (citing Hensley, 461 U.S. at 437).

**i. Multiple Defendants**

The Court has broad discretion to determine the allocation of attorney's fees and costs among multiple defendants. Koster v. Perales, 903 F.2d 131, 139 (2d. Cir. 1990). In allocating attorney's fees and costs among multiple defendants, a district court "should make every effort to achieve the most fair and sensible solution that is possible." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 960 (1st Cir. 1984); see also Sable Commc'ns of Cal., Inc. v. Pac. Tel. & Tel. Co., 890 F.2d 184, 194 (9th Cir. 1989). Courts have reduced attorney's fees when work associated with claims against multiple defendants fell upon the only defendant to survive dismissal. See Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012); see e.g. Employee Painters Welfare Tr. v. Atlas Painting & Drywall, LLC, No. 2:09-CV-02208-GMN, 2011 WL 6012352, at *2 (D. Nev. Dec. 1, 2011)(court awarded fees proportionate to the number of

12

defendants sanctioned under a particular motion).

Plaintiff has provided minimal descriptions of the tasks billed. Plaintiff's table of fees contains descriptions of less than a sentence and does not delineate what portion of each time entry was dedicated to the pursuit of claims against Defendant Szerlip or the other defendants. (Declaration of Counsel at pp. 2-3, ECF No. 48-2). The Complaint filed on December 2, 2016 named eight "Doe" defendants. (ECF No. 1). On March 27, 2017, Plaintiff filed its First Amended Complaint, naming three defendants: Stanley Szerlip, Erik Gray, and Robert Lujan. (ECF No. 24). On June 6, 2017, Plaintiff filed a Notice of Dismissal of Erik Gray and Robert Lujan. (ECF No. 47). Plaintiff's descriptions do not provide the Court with sufficient information to determine what hours are fairly attributable to Plaintiff's persuit of claims against just Defendant Szerlip.

It would be inequitable for Defendant Szerlip to bear the litigation fees expended by Plaintiff directed toward the other defendants named in the Complaint and First Amended Complaint. The fees requested by Plaintiff are reduced to reflect the amount of time that is fairly attributable to the claims against Defendant Szerlip. For tasks which took place before the filling of the First Amended Complaint on March 27, 2017, an across the board reduction of 87.5% is appropriate because Szerlip was only one of eight defendants from November 16, 2016, to March 14, 2017. Plaintiff is entitled to 1.77 hours of billable time. For

13

tasks which took place between the filing of the First Amended Complaint on March 27, 2017, and the dismissal of Erik Gray and Robert Lujan on June 6, 2017, an across the board reduction of 66% is appropriate. Plaintiff is entitled to 1.9 hours of billable time from March 27, 2017 to May 26, 2017.

### ii. Excessive Time

Time spent on work that is "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992), (quoting Hensley, 461 U.S. at 433-34). The remaining three entries dated June 5, June 6, and June 7, 2017, are for "Preparing Motion for Default Judgment" for a total 6.59 hours spent. Much of Plaintiff's Motion for Default Judgment (ECF No. 48) is duplicative of Plaintiff's Complaint (ECF No. 1) and First Amended Complaint. (ECF No. 24). Furthermore, the Court is unpersuaded by the sources relied upon by Plaintiff in their Motion for Default Judgment which include articles from websites such as TorrentFreak (ECF No. 48-3), PC Gamer (ECF No. 48-4), TechJourney (ECF No. 48-5), The Guardian (ECF No. 48-6), and Forbes (ECF No. 48-7). These sources reflect a brief internet query rather than in-depth research on a topic that is minimally complicated. The 6.59 hours requested are excessive and are reduced to 2 hours.

Based on the foregoing, Plaintiffs are entitled to the following fee award:

| Attorney Hours | Hours | Rate | Total |
|---|---|---|---|
| Kerry S. Culppeper, ESQ | 5.67 | $250.00 | $1,417.50 |

This Court **MODIFIES** the Magistrate Judge's recommendation and awards Plaintiff $1,417.50 in combined attorney's fees and taxes.

## CONCLUSION

The Court **ADOPTS**, in part, and **MODIFIES** the Findings and Recommendation (ECF No. 54).

The Court adopts the Magistrate Judge's Findings and Recommendation with regard to statutory damages and injunctive relief. The Court awards Plaintiffs **$750.00** in statutory damages and **$1,417.50** in attorney's fees.

The Court **DENIES** Plaintiff's Written Objection. (ECF No. 55).

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, OCTOBER 30, 2017.



Helen Gillmor
United States District Judge