IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COOK PRODUCTIONS, LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br>STANLEY SZERLIP, PREVIOUSLY<br>IDENTIFIED AS DEFENDANT DOE 7,<br><br>                    Defendant. | CIV. NO. 16-00637 HG-RT<br><br>FINDINGS AND<br>RECOMMENDATION TO FIND<br>DEFENDANT STANLEY SZERLIP<br>IN CONTEMPT OF COURT AND<br>FOR SANCTIONS |

FINDINGS AND RECOMMENDATION TO FIND DEFENDANT
STANLEY SZERLIP IN CONTEMPT OF COURT AND FOR SANCTIONS

Plaintiff Cook Productions, LLC's ("Plaintiff") Motion for Order to Show Cause

Why Defendant/Judgment Debtor Stanley Szerlip Should Not be Held in Contempt of

Court and For Attorney's Fees ("Motion") (ECF No. 70) came on for hearing on August

15, 2019 at 9:30 a.m. before the Honorable Rom A. Trader.  Attorney Kerry S.

Culpepper, Esq. appeared on behalf of Plaintiff.  Defendant Stanley Szerlip

("Defendant") made no opposition, objection, appearance, or other communication.

The Court, after reviewing Plaintiff's written submissions, the records and files in

this case, and the applicable law, FINDS and RECOMMENDS that Defendant be held in

contempt of court.

The Court further FINDS that compensatory sanctions are appropriate and

RECOMMENDS that Plaintiff be compensated for its reasonable attorney's fees and

costs related to bringing this Motion and its motions for examination of judgment debtor.

The Court FINDS that Plaintiff's request for a total of $5,130.57 in attorney's fees is excessive and RECOMMENDS that Plaintiff be awarded a total of $3,425.00 in reasonable attorney's fees. The Court FINDS and RECOMMENDS that Plaintiff's requests for costs in the amount of $1,031.94 is reasonable.

## BACKGROUND

On January 4, 2018, Default Judgment was entered against Defendant. ECF No. 59. On March 14, 2018, Plaintiff filed its first Ex Parte Motion for Examination of Judgment Debtor Stanley Szerlip ("First Ex Parte Motion"). ECF No. 61. However, the Court denied the First Ex Parte Motion without prejudice because Plaintiff did not submit any proposed orders or summons related to the First Ex Parte Motion. ECF No. 62.

On March 27, 2019, Plaintiff filed its Second Ex Parte Motion for Examination of Judgment Debtor Stanley Szerlip ("Second Ex Parte Motion"). ECF No. 63. The Court granted the Second Ex Parte Motion and issued an Order for Examination of Judgment Debtor Stanley Szerlilp ("Order for Examination"). ECF No. 66. In the Order for Examination, the Court ordered Defendant to appear personally on May 1, 2019 at 9:30 a.m. to be subject to an oral examination as to Defendant's financial affairs or property (ECF No. 66). Defendant was personally served a copy of the order on April 1, 2019 but did not appear for the oral examination. ECF Nos. 68 & 69.

On May 2, 2019, Plaintiff filed its Motion for Order to Show Cause Why Defendant/Judgment Debtor Stanley Szerlip Should Not be Held in Contempt of Court and for Attorney's Fees ("OSC Motion"). ECF No. 70. The OSC Motion was scheduled for hearing on July 11, 2019 at 9:30 a.m. ECF No. 71. Defendant was served a copy of

the OSC Motion but did not appear for the July 11, 2019 hearing. ECF Nos. 70-2 & 72. The Court granted the OSC Motion and directed Plaintiff to prepare a proposed Order to Show Cause Why Defendant Should Not be Held in Contempt for Failure to Abide with the Court's Prior Order and for Attorney's Fees. ECF No. 72. On July 16, 2019, the Court issued its Order Granting Plaintiff's Motion for Order to Show Cause Why Defendant/Judgment Debtor Stanley Szerlip Should Not be Held in Contempt of Court and Ordered to Pay Attorney's Fees ("OSC Order"). ECF No. 73. Defendant was ordered to appear before this Court on August 15, 2019 at 9:30 a.m. to show cause, if any, why he should not be held in contempt of court. ECF Nos. 72 & 73. The Court cautioned Defendant that "pursuant to Local Rule 11.1, his failure to comply [ ] provides a basis for the imposition of sanctions, including but not limited to fines and/or other appropriate sanctions." ECF No. 73. Defendant was served a copy of the OSC Order on July 17, 2019 via First Class Mail. Defendant did not appear for the hearing on August 15, 2019. ECF No. 75.

<u>DISCUSSION</u>

District Courts have "wide latitude in determining whether there has been contemptuous defiance of its order." <u>Hook v. Ariz. Dep't of Corrections</u>, 107 F.3d 1397, 1403 (9th Cir. 1997) (citation omitted). Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply. <u>In re Dual-Deck Video Cassette Recorder Antitrust Litig.</u>, 10 F.3d 693, 695 (9th Cir. 1993); <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1130 (9th Cir. 2006). The party moving for a finding of civil contempt has the burden of

establishing "'(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" Frankl v. HTH Corp., 832 F. Supp. 2d 1179, 1186 (D. Haw. 2011) (citing United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010)) (citations omitted).

If the moving party is able to establish civil contempt, "the burden then shifts to the alleged contemnor to demonstrate why it was unable to comply." Frankl, 832 F. Supp. 2d at 1186 (citing Federal Trade Commission v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)) (citation omitted). "[T]he accused party must 'show [that it] took every reasonable step to comply.'" Frankl, 832 F. Supp. 2d at 1186 (citing Stone v. City & Cty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992)). To determine whether reasonable steps were taken, "the court can consider a variety of factors, including, for example, whether the contemnor has a history of noncompliance, and whether the contemnor failed to comply despite the pendency of a contempt motion." Frankl, 832 F. Supp. 2d at 1187 (citing Stone, 968 F.2d at 857).

The contempt "'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). However, "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" Id. (citations omitted). "[S]ubstantial compliance with the court order is a defense to civil contempt. Frankl, 832 F. Supp. 2d at 1186 (citing In re Dual-Deck, 10 F.3d at 695).

A.    <u>Civil Contempt</u>

In this case, this Court's Order for Examination unequivocally ordered Defendant to appear before this Court on May 1, 2019 at 9:30 a.m.  ECF No. 66.  Defendant was properly served with the Order for Examination, but failed to appear.  ECF No. 68 & 69.  Thereafter, the Court granted Plaintiff's OSC Motion and Defendant was again unequivocally ordered to appear before this Court on August 15, 2019 at 9:30 a.m.  ECF Nos. 72 & 73.   Defendant was properly served a copy of the OSC Order.  In the OSC Order, the Court cautioned Defendant that failure to comply could result in the imposition of sanctions.  ECF No. 73.  Despite this warning, Defendant failed to appear for the August 15, 2019 hearing.  ECF No. 75.  Here, there is clear and convincing evidence that the Court issued two orders instructing Defendant to appear, the orders were properly served, and Defendant failed to comply despite the warning of possible sanctions.  Because the Court's orders were clear, it cannot be said that Defendant's noncompliance was based on a good faith and reasonable interpretation of the orders nor is there a basis or any evidence to find substantial compliance.  Plaintiff has established, by clear and convincing evidence, that Defendant violated this Court's orders.

The burden shifts to Defendant to demonstrate his inability to comply.  Here, Defendant has failed to do so.  The record reflects that Defendant has a history of noncompliance and failed to comply despite the pending contempt motion.  Defendant failed to appear at the (1) May 1, 2019 hearing on the Court's Order for Examination (ECF No. 69); (2) July 11, 2019 OSC Motion (ECF No. 72); (3) August 15, 2019 hearing on the Court's OSC Order (ECF No. 75).  Defendant was given the opportunity to defend

5

against being held in contempt of court, but failed to respond or appear.  ECF No. 75.

For these reasons, the Court RECOMMENDS that Defendant be found in contempt.

    B.    <u>Sanctions</u>

    "A civil-contempt proceeding is coercive or remedial in nature." <u>Damon Key</u>

<u>Leong Kupchak Hastert v. Westport Ins. Corp.</u>, Civ. No. 19-00099 DKW-KJM, 2019 WL

5088739, at *7 (D. Haw. Oct. 10, 2019).  Civil contempt sanctions are employed "for two

purposes:  to coerce the defendant into compliance with the court's order, and to

compensate the complainant for losses sustained." <u>Whittaker Corp. v. Execuair Corp.</u>,

953 F.2d 510, 517 (9th Cir. 1992) (citation omitted).  If a sanction is imposed to coerce,

then "the court is to consider the 'character and magnitude of the harm threated by

continue contumacy, and the probable effectiveness of any suggested sanction in bringing

about the result desired.'" <u>N.L.R.B. v. Sheet Metal Workers Int'l Ass'n, Local 293</u>, Civ.

No. 11-00290 SOM-BMK, 2011 WL 7286092, at *4 (D. Haw. Oct. 3, 2011) (citing

<u>Whittaker Corp.</u>, 953 F.2d at 517) (citation omitted).  If a sanction is compensatory, then

such "awards are limited to 'actual losses sustained as a result of the contumacy.'" <u>Gen.</u>

<u>Signal Corp. v. Donallco, Inc.</u>, 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted).

Courts also have the power to order imprisonment. <u>Yahoo! Inc. v. La Ligue Contre Le</u>

<u>Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1250 (9th Cir. 2006).

    In this case, the Defendant was given more than adequate opportunities to respond

to Plaintiff and to comply with this Court's orders.  Despite being properly served with

the Court's orders, Defendant repeatedly failed to appear or defend.  The Court has no

confidence that Defendant will respond to any further orders.  The Court FINDS that civil

sanctions are warranted, and compensatory sanctions are appropriate.  The Court
RECOMMENDS that Plaintiff be compensated for the reasonable attorney's fees and
costs it incurred to bring (1) its motions for examination of judgment debtor Stanley
Szerlip; and (2) the OSC Motion.

In addition, under Fed. R. Civ. P. 69(a)(2), "[i]n aid of the judgment or execution,
the judgment creditor . . . may obtain discovery from any person—including the
judgment debtor—as provided in these rules . . . "  Under Fed. R. Civ. P. 37(b)(2)(A)(i),
the court may impose a variety of sanctions for violation of a discovery order, including
"directing that the matters embraced in the order or other designated facts be taken as
established for purposes of the action, as the prevailing party claims[.]"  The Court
further RECOMMENDS that the information Plaintiff proposed to obtain from
Defendant in the Examination of Judgment Debtor scheduled for May 1, 2019 be deemed
admitted and treated as such for purposes of executing the judgment.

C.    Reasonable Attorney's Fees

Determining the reasonable attorney's fees is a two-step process based on the
"lodestar" calculation method, which multiplies the number of hours reasonably
expended by a reasonable hourly rate.  Ryan v. Editions Ltd. West, Inc., 786 F.3d 754,
763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The Court
may then adjust the lodestar amount based on an evaluation of the following factors,
provided they have not been already subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).  There is a strong

presumption that the lodestar amount calculated is reasonable.  See Pennsylvania v. Del.

Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer, 214 F.3d at

1119 n.4.

        i.      Reasonable Hourly Rate

Plaintiff requests an hourly rate of $250.00 for the work performed by its counsel.

The reasonable hourly rate is determined by assessing the prevailing market rate in the

relevant community for similar work performed by attorneys of comparable skill,

experience, and reputation.    Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir.

2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada

County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796

F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the

district court sits.  Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir.

2008).  "District Courts may also use their 'own knowledge of customary rates and their

experience concerning reasonable and proper fees.'"  Sam K. ex rel. Diane C. v. Hawaii

Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citing Ingram v. Oroudjian, 647

F.3d 925, 928 (9th Cir. 2011)).

"It is the responsibility of the attorney seeking fees to submit evidence to support

the requested hourly rate."  Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461

U.S. 424, 433 (1983)) (citation omitted).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C., 788 F.3d at 1041 (citations omitted).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  See also Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." Roberts, 938 F.3d at 1025 (quoting Camacho, 523 F.3d at 980) (citation omitted).  However, there has been no objection to Plaintiff's requested reasonable attorney's fees filed in this case.

Plaintiff's attorney, Kerry S. Culpepper, Esq., filed a Declaration of Counsel ("Declaration") stating that his "usual hourly rate is $350.00, which [he claims] is below the 2014 mean hourly rate of $379 for a solo practitioner specializing in Electrical technologies according to the AIPLA 2015 Report of the Economic Survey."  ECF No. 76 at ¶ 6(b).[1]  Mr. Culpepper states that he has been licensed to practice law in Virginia

---

[1] The Declaration contains two paragraphs that are numbered 6.  The first paragraph 6 will be cited as ¶ 6(a) and the second as ¶ 6(b).

since 2000 and in Hawaii since 2012.  Id. at ¶ 6(a).  Mr. Culpepper also cites to cases in which the Court has awarded similar rates in prior default actions.  Id. at ¶ 5.

The relevant community in this case is Hawaii, the forum in which this district court sits.  See Roberts, 938 F.3d at 1024 (citing Camacho, 523 F.3d at 979) (citation omitted).  Although Mr. Culpepper cites to the AIPLA 2015 Report of the Economic Survey to argue that the mean hourly rate is $379.00, there is no evidence that this rate was calculated based on the relevant community, Hawaii.  Further, Mr. Culpepper does not state how long he has been practicing in the area of intellectual property, which makes it difficult to compare his skill and experience to other attorneys in this community.  On the other hand, the Declaration states that the requested hourly rate of $250.00 is less than Mr. Culpepper's usual hourly rate and has been awarded in the past in intellectual property cases in this district court.  ECF No. 76 at ¶ 5.  Further, based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, the Court FINDS that the hourly rate of $250.00 is reasonable.  See e.g., ECF No. 76 at ¶ 5.

        ii.    Hours Reasonably Expended

Plaintiff requests a total of $5,130.57 in attorney's fees for work performed.  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive,

redundant, or otherwise unnecessary."  Welch, 480 F.3d at 946 (citation and quotation

marks omitted).

> a.    Administrative, Clerical, or Ministerial Tasks

Clerical or ministerial tasks are "part of an attorney's overhead and are reflected in

the charged hourly rate" and are not recoverable.  Au v. Funding Grp. Inc., 933 F. Supp.

2d 1264, 1275-76 (D. Haw. 2013).  Plaintiff requests 0.5 hours of attorney's fees for

"Preparing and Submitting Request to Record Judgment to Bureau of Land

Conveyances" on March 14, 2018 and March 15, 2018.  ECF No. 76 at p. 2.  Preparing

and submitting a request is clerical or ministerial and thus, the Court reduces this entry by

0.5 hours.

Plaintiff requests 2.0 hours for "Preparing and Filing First Motion for Debtor

Examination; Declaration of Counsel" on March 14, 2018.  ECF No. 76 at p. 2.  This

entry is block billed, and filing the motion and declaration is a clerical or ministerial task.

Although the entry is block billed, the Court can determine the reasonable time spent on

drafting the motion and declaration of counsel by reviewing the filed documents.

Together, the motion and declaration barely constitute three pages of text and is not

complex.  ECF No. 61.  Further, fees for the filing of the motion and declaration are not

recoverable because these tasks are clerical or ministerial.  The Court thus FINDS that

1.0 hour is reasonable for the drafting of the motion and declaration.

Plaintiff requests 3.0 hours for "(1) reviewing order from Judge Chang denying

first motion for debtor examination . . . (2) preparing and filing second motion for debtor

examination – preparing declaration of counsel; motion, summons and proposed Order"

on March 27, 2019; and 1.5 hours for "Preparing Motion for Show Cause based upon Reviewing Case Law on Sanction Contempt; and Filing" on May 2, 2019.  ECF No. 76 at 2-3.  These entries are also block billed and again request fees for performing the clerical or ministerial task of filing.  Nevertheless, the Court can determine if the time spent on these tasks were reasonable by reviewing the filed documents.

The order denying the first motion for debtor examination is a few sentences long and states that the Court denied Plaintiff's first motion without prejudice because the proposed order or summons were not received.  ECF No. 62.  At most, the order should have taken no longer than a minute to review.  The first motion and second motion are substantially identical except for the title and the second motion includes a short, proposed order that uses boilerplate language.  "The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . " Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).  At most, drafting should have taken no longer than 1.0 hour.  The Court FINDS that the 3.0 hours requested is excessive and reduces the requested fee to 1.1 hours.  The Court shall also deduct 0.2 hours for the clerical task of filing on May 2, 2019.  The Court thus FINDS that a total of 1.3 hours for the motion for order to show cause (ECF No. 70) and the research on contempt sanctions is reasonable.

Plaintiff requests attorney's fees for meeting with a process server and work related to service.  ECF No. 76 at p. 2.  On April 1, 2019, Plaintiff billed 0.25 for "meeting w [sic] process server re stanly szerlip [sic] – pulling Facebook to show photo

of Mr. Szerlip and description of house[;]" and 0.75 for "Meeting again w [sic] process server after service; preparing declaration of service based upon conversation with process server; filing." Id.  "[T]asks such as locating a process server, speaking with a process server, and document handling" are considered administrative tasks that are not recoverable. See Ploch v. MRS BPO, L.L.C., No. 4:12CV534 FRB, 2013 WL 675621, at *4 (E.D. Mo. Feb. 25, 2013); Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Centers for Disease Control & Prevention, Civ. No. 16-00008 JMS-KSC, 2017 WL 664446, at *13 (D. Haw. Jan. 31, 2017), report and recommendation adopted, Civ. No. 16-00008 JMS-KSC, 2017 WL 663232 (D. Haw. Feb. 16, 2017) (email to process server regarding status is a paralegal task).  The Court FINDS that the total reasonable fees for April 1, 2019 should be 0.5 for the preparation of the declaration that appears to use boilerplate language (ECF No. 68).

The Court also FINDS that deductions should be made for the following entries for block billing and clerical/ministerial tasks: "Preparing proposed order; email to chambers" on May 2, 2019; "Preparing proposed order; email to chambers" on July 11, 2019; "briefly studying order and calendaring" on July 16, 2019.  Emailing documents and calendaring dates and deadlines are clerical or ministerial tasks.  OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *2 (D. Haw. Mar. 10, 2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326602 (D. Haw. Mar. 31, 2014).  The May 2, 2019 work is reduced to 0.1 hour; the July 11, 2019 work is reduced to 0.4 hours; and the July 16, 2019 work is reduced to 0.1 hours.

b.    <u>Excessive Billing</u>

The Court may reduce hours that are deemed excessive.  <u>Ryan v. Editions Ltd.</u>

<u>West, Inc.</u>, 786 F.3d 754, 763 (9th Cir. 2015) (citation omitted).  On May 1, 2019, the

Court held a hearing on Plaintiff's Motion for Examination of Judgment Debtor.  ECF

No. 69.  However, Defendant did not appear and the hearing lasted less than five minutes.

<u>Id.</u>  Accordingly, the Court reduces Plaintiff's request for attending the hearing from 0.5

to 0.1 hours.

Similarly, the hearing on July 11, 2019 was scheduled at 9:30 a.m., but occurred

from 9:58 a.m. to 10:05 a.m. for a total of 0.6 hours.  ECF No. 72.  Plaintiff requests for

0.75 hours for attending the hearing on July 11, 2019.  The Court thus reduces Plaintiff's

request to 0.6 hours.

The Court also finds 2.5 hours for "researching Hawaii Fed court and state

contempt decisions; particularly decision re arrest as contempt remedy" on August 14,

2019 excessive.  The Court reduces the requested hours to 1.5 hours.

iii.    <u>Total Reasonable Hours and Lodestar Calculation</u>

The following is a summary of the hours reasonably expended:

| Date | Description | Hours |
|---|---|---|
| 03/14/2018 | Preparing First Motion for Debtor Examination; Declaration of Counsel | 1.0 |
| 03/27/2019 | (1) reviewing order from Judge Chang denying first motion for debtor examination (2) preparing second motion for debtor examination – preparing declaration of counsel; motion; summons and proposed Order | 1.1 |
| 04/01/2019 | preparing declaration of service | 0.5 |

14

| | | |
|---|---|---|
| 04/30/2019 | Studying Hawaii State Court forms for declaration of assets re Divorce; Preparing Debtor Examination Questions based on study | 1.0 |
| 05/01/2019 | Attending Hearing and Travel to and from | 2.1 |
| 05/02/2019 | Preparing Motion for Show Cause based upon Reviewing Case Law on Sanction Contempt | 1.3 |
| 05/02/2019 | Preparing proposed order | 0.1 |
| 07/11/2019 | Attend Hearing | 0.6 |
| 07/11/2019 | travel to and from hearing | 1.5 |
| 07/11/2019 | Preparing proposed order | 0.4 |
| 07/16/2019 | briefly studying order | 0.1 |
| 08/14/2019 | researching Hawaii Fed court and state contempt decisions; particularly decision re arrest as contempt remedy | 1.5 |
| 08/15/2019 | attending hearing; travel to and from | 2.5 |
| | **Total Hours** | 13.7 |

Based on the foregoing, the court deducts 5.96 hours from the requested total of 19.66[2] hours for a total of 13.7 hours reasonably expended.  Using the lodestar calculation method, the number of hours reasonably expended, 13.7, is multiplied by the reasonable hourly rate, $250.00.  The total reasonable fees are $3,425.00.  This figure is then multiplied by the State of Hawaii County GET tax of 4.4386% ($3,425.00 * 0.044386 = 152.02205) to arrive at a total of $3,577.02 ($3,425.00 + 152.02205).

---

[2] Plaintiff requests a total of 19.66 hours for work performed.  This number is based on adding all the entries in the chart showing the description of Plaintiff's requested attorney's fees in Plaintiff's counsel's Declaration.  ECF No. 76 at p. 3.  There appears to be a typo in the chart.  The chart shows a total of 19.16 hours requested and not 19.66 hours.

D.    Reasonable Costs

Plaintiff requests a total of $1,031.94 in costs for a recordation fee, a process server's fee, and travel expenses.  "Awards of costs for attorney travel expenses are routinely granted."  United States v. Blaine, Civ. No. 05-00189 HG-KSC, 2006 WL 2864894, at *5 (D. Haw. May 5, 2006), report and recommendation adopted as modified, Civ. No. 05-00189 HG-KSC, 2006 WL 2864890 (D. Haw. Aug. 21, 2006).  Further, process server and filing fees are recoverable.  See Hawaii Electricians Annuity Fund v. Hirose, Civ. No. 15-00031 DKW-RLP, 2015 WL 4931870, at *6 (D. Haw. July 30, 2015), report and recommendation adopted, Civ. No. 15-00031-DKW-RLP, 2015 WL 4934536 (D. Haw. Aug. 18, 2015) (costs for copying, process server fees, postage, messenger fees, and filing fees are reasonable).  The Court FINDS that the costs sought by Plaintiff are reasonable.

## CONCLUSION

The Court carefully reviewed Plaintiff's submissions, the files and records in this case, and the applicable law.  The Court FINDS that Defendant is in civil contempt and RECOMMENDS that compensatory sanctions in the form of attorney's fees and costs are warranted.

The Court RECOMMENDS that out of the 19.66 hours requested, 5.96 hours be DENIED.  The Court RECOMMENDS that Plaintiff be awarded a total of 13.7 hours of reasonable attorney's fees at the reasonable rate of $250.00 per hour plus state and Hawaii County GET tax for a total of $3,577.02 in attorney's fees.  The Court FINDS

that Plaintiff's requested costs are reasonable and RECOMMENDS that the Plaintiff be awarded costs in the amount of $1,031.94.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 27, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 16-00637 HG-RT; *Cook Productions, LLC, v. Stanley Szerlip*; Findings and Recommendation to Find Defendant Stanley Szerlip in Contempt of Court and for Sanctions